## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **ENSYGNIA IP LTD,** | |
| **Plaintiff,** | Case No. 2:26-cv-00532 |
| **v.** | |
| **SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS, CO. LTD.** | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Ensygnia IP Ltd ("Ensygnia" or "Plaintiff"), by and through its undersigned attorneys, files this Complaint against Samsung Electronics America, Inc. ("Samsung America") and Samsung Electronics Co., Ltd. ("Samsung Korea") (collectively, "Samsung" or "Defendants") for infringement of U.S. Patent Nos. 9,614,849 ("the '849 Patent"), 10,530,769 ("the '769 Patent"), and 11,146,561 ("the '561 Patent") (collectively, the "Patents-in-Suit" or the "Asserted Patents"), and hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. Defendants have infringed and continue to infringe, have induced and continue to induce infringement of, and contributed and continue to contribute to infringement of, one or more claims of Patents-in-Suit, at least by making, using, offering to sell, selling, and/or importing within the United States products and services which utilize Plaintiff's patented devices and/or methods. Defendant's infringing products and services include Samsung Galaxy smartphones, Samsung smart TVs, Samsung smart monitors, Samsung gaming monitors, Samsung Galaxy Books / laptops, Samsung Galaxy Tablets, Samsung smart appliances, Samsung

SmartThings devices, Samsung Wallet (Samsung Pay), Samsung projectors, Samsung robot vacuums, Samsung soundbars, Samsung software (including Android OS, SmartThings App, Samsung One UI, and Samsung Knox), Samsung's authentication servers, Samsung's SmartThings and cloud service servers, and Samsung Pay Web Checkout service servers, and Save to Pay (S2P) servers.

2.      Plaintiff is the owner by assignment of all right, title, and interest in and to the Patents-in-Suit, each of which was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The named inventor of the Patents is Richard H. Harris, MBE.

## THE PARTIES

3.      Plaintiff Ensygnia IP Limited is a company organized and existing under the laws of the United Kingdom.

4.      On information and belief, Defendant Samsung Electronics America, Inc. ("Samsung America") is a corporation organized and existing under the laws of the State of New York.  Samsung America maintains facilities at 6625 Excellence Way, Plano, Texas 75023. Samsung America may be served with process through its registered agent for service in Texas: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Samsung America is a wholly-owned subsidiary of Samsung Korea.

5.      On information and belief, Defendant Samsung Electronics Co., Ltd. ("Samsung Korea") is a corporation organized and existing under the laws of the Republic of Korea, with its headquarters at 129 Samseong-ro, Yeongtong-gu Suwon, Gyeonggi, 16677, Republic of Korea. Samsung Korea can also be served via its agent, Jenni Chun, at 19 Chapin Road, Building D, Pine Brook, NJ  07058.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

7.      This Court has personal jurisdiction over Samsung America because Samsung America, directly and through its subsidiaries and agents, has committed acts within the State of Texas giving rise to this action, including making, using, offering for sale, selling, and/or importing the Accused Instrumentalities (as defined below). Samsung America has established minimum contacts and regularly conducts business in the State of Texas, including in this judicial district, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.  Samsung America has purposefully availed itself of the privileges of conducting business in Texas, and has derived substantial revenue from the sale of infringing products and services within Texas and the Eastern District of Texas.

8.      This Court has personal jurisdiction over Samsung Korea because Samsung Korea, directly and through its subsidiaries and agents, has committed acts within the State of Texas giving rise to this action, including making, using, offering for sale, selling, and/or importing the Accused Instrumentalities. Samsung Korea has established minimum contacts and regularly conducts business in the State of Texas, including in this judicial district, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.  Samsung Korea has purposefully availed itself of the privileges of conducting business in Texas, and has derived substantial revenue from the sale of infringing products and services within Texas and the Eastern District of Texas.

9.      With respect to Samsung America, venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Samsung America maintains a regular and established place

of business at its permanent office in this Judicial District located at 6625 Excellence Way, Plano, TX 75023.  Samsung America also employs full-time employees, such as engineers in this Judicial District, including in Collin County.  Samsung America has also committed acts of infringement in this Judicial District by making, using, offering to sell, selling, and/or importing the Accused Instrumentalities.

10.     With respect to Samsung Korea, venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Samsung Korea is not a resident of the United States and may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3). Samsung Korea, through its own acts and/or through the acts of its subsidiaries, affiliates, and/or agents, has made, used, offered to sell, sold, and/or imported the Accused Instrumentalities within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District such that venue is fair and reasonable.

## THE PATENTS-IN-SUIT

11.     On April 4, 2017, the USPTO duly and legally issued the '849 Patent, titled "Handling Encoded Information."[1]  The '849 Patent is valid and enforceable.  Plaintiff is the owner of all rights, title, and interest in and to the '849 Patent, with the full and exclusive right to bring suit to enforce the '849 Patent, including the right to recover for past infringement.

12.     On January 7, 2020, the USPTO duly and legally issued the '769 Patent, titled "Handling Encoded Information."[2]  The '769 Patent is valid and enforceable.  Plaintiff is the owner of all rights, title, and interest in and to the '769 Patent, with the full and exclusive right to bring suit to enforce the '769 Patent, including the right to recover for past infringement.

---

[1] https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/9614849
[2] https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10530769

13.    On October 12, 2021, the USPTO duly and legally issued the '561 Patent, titled "Handling Encoded Information."[3]  The '561 Patent is valid and enforceable.  Plaintiff is the owner of all rights, title, and interest in and to the '561 Patent, with the full and exclusive right to bring suit to enforce the '561 Patent, including the right to recover for past infringement.

## THE ACCUSED INSTRUMENTALITIES

14.    Samsung's Accused Instrumentalities include, without limitation, the following categories of products, services, software, servers, and systems.

15.    Samsung makes, uses, offers for sale, sells and/or imports within the United States numerous models of Samsung Galaxy phones, including but not limited to the Samsung Galaxy S20, S20 FE, S20 Ultra, S20+, S20 Tactical Edition, S20 FE 2022; S21, S21 FE, S21 Ultra, S21+; S22, S22 Ultra, S22+; S23, S23 FE, S23 Ultra, S23+, S23 Tactical Edition; S24, S24 FE, S24 Ultra, S24+; S25, S25 FE, S25 Edge, S25 Ultra, S25+; S26, S26 Ultra, S26+; Galaxy Note 10, Note 10+, Note 10 Lite; Note 20, Note 20 Ultra; Galaxy Z Flip (4G), Z Flip (5G), Z Flip3, Z Flip3 Bespoke Edition, Z Flip4, Z Flip5, Z Flip6, Z Flip7, Z Flip7 FE; Fold, Z Fold2, Z Fold3, Z Fold4, Z Fold5, Z Fold6, Z Fold SE, Z Fold7; Galaxy Z TriFold; Galaxy A10, A10e, A10s, A20, A20e, A01, A11, A21, A21s, A02, A02s, A12, A22, A22 (5G), A03, A03s, A13, A13 (5G), A23, A04, A04e, A04s, A14, A14 (5G), A24, A05, A05s, A15, A15 (5G), A25, A35, A06, A06 (5G), A16, A16 (5G), A26, A36, A07, A07 (5G), A17, A17 (5G), A27, A37, and A57.

16.    Samsung makes, uses, offers for sale, sells and/or imports within the United States numerous models of Samsung Galaxy tablets, including but not limited to the Galaxy Tab A 7 series, A 8 series, A 9 series, A 10 series, A 11 series; Tab S 5 series, Tab S 6 series, Tab S 7 series Tab S 8 series, Tab S 9 series, Tab S 10 series, Tab S 11 series.

---

[3] https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/11146561

17.     Samsung makes, uses, offers for sale, sells and/or imports within the United States numerous models of Samsung Galaxy laptops, including but not limited to the Galaxy Book S, Galaxy Book Ion, Galaxy Book Ion2, Galaxy Book Pro, Galaxy Book Odyssey, Galaxy Book Go, Galaxy Book2 Go, Galaxy Book2 Pro, Galaxy Book2, Galaxy Book3 Ultra, Galaxy Book3 Pro, Galaxy Book4 Ultra, Galaxy Book4 Pro, Galaxy Book4, Galaxy Book4 Edge, Galaxy Book5 Pro, Galaxy Book Flex, Galaxy Book Flex α (*Alpha*), Galaxy Book Flex2, Galaxy Book Flex2 α (*Alpha*), Galaxy Book Pro 360, Galaxy Book2 Pro 360, Galaxy Book2 360, Galaxy Book3 Pro 360, Galaxy Book3 360, Galaxy Book4 Pro 360, Galaxy Book4 360, Galaxy Book5 360, Galaxy Book5 Pro 360, Galaxy Book6, Galaxy Book6 Pro, Galaxy Book6 Ultra, and Galaxy Chromebook series (various years).

18.     Samsung makes, uses, offers for sale, sells and/or imports within the United States numerous models of Samsung TV and AV products, including but not limited to the Samsung Micro RGB TV products, Samsung OLED TV products, Samsung Neo QLED TV products, Samsung Lifestyle TV products, Samsung Mini LED TV products, Samsung QLED TV products, Samsung Crystal UHD TV products, the Frame series, the Serif series, the Sero series, the Terrace series, the Premiere series, the Freestyle series, the Movingstyle series, the Music Studio series, the Sound Tower series, the Music Frame series, the Q-Series, the S-Series, the B-Series,

19.     Samsung makes, uses, offers for sale, sells and/or imports within the United States numerous models of Samsung smart monitor products, including but not limited to the Odyssey Gaming monitor products, the ViewFinity monitor products, the Movingstyle monitor products, the M Series monitors (*e.g.,* M9, M8, M7)

20.     Samsung makes, uses, offers for sale, sells and/or imports within the United States numerous models of Samsung smart appliances, including but not limited to: refrigerators (*e.g.,*

Bespoke 3-Door, 4-Door Flex, 4-Door French Door, AI Family Hub+, Counter Depth, Family Hub, Smart French Door, Smart Side-by-Side, Smart Top Freezer); washers and dryers (*e.g.,* Bespoke AI Front Load Washer and Dryer, Bespoke AI Laundry Hub, Bespoke AI Laundry Vented and Ventless Combo, Smart Front Load and Top Load Washer and Dryer, Pet Care Smart Washer); dishwashers (*e.g.,* Bespoke AI Smart Dishwasher, Bespoke Smart Dishwasher, Smart 42dBA Dishwasher, Smart Dishwasher with StormWash+, Smart Linear Wash Dishwasher); ovens and ranges (*e.g.,* Bespoke AI Slide-in Induction Range, Bespoke AI Smart Slide-in Range, Smart Flex Duo Wall Oven, Smart Slide-in Electric and Gas Range, Smart Wall Oven); cooktops (*e.g.,* Bespoke Smart Induction Cooktop, Smart Induction Cooktop, Smart Rapid Heat Induction Cooktop); air conditioners (*e.g.,* Bespoke AI WindFree Smart AC, Smart Window AC, WindFree Smart AC); air purifiers (*e.g.,* Bespoke Air Purifier, Smart Air Purifier with Wi-Fi); range hoods (*e.g.,* Bespoke Hood); microwaves (*e.g.,* Bespoke Over-the-Range Microwave); and vacuums (*e.g.,* Bespoke AI Jet Bot).

21.    Samsung makes, uses, offers for sale, sells and/or imports within the United States numerous models of Samsung SmartThings devices, including the SmartTag, SmartTag2, SmartThings Hub Dongle, SmartThings Hub v3, ThingsOne Smart Home Hub, and SmartThings Station.

22.    Further, Samsung makes, uses, maintains and operates a server system in the United States and accessible from the United States, including but not limited to Samsung authentication servers, and Samsung's SmartThings and cloud service servers.

23.    Samsung also makes, uses, develops, distributes, and maintains software and operating systems, including Android OS, SmartThings App, Samsung One UI, and Samsung Knox.

7

24.     Samsung makes, uses, develops, distributes, and maintains Samsung Wallet (Samsung Pay) systems and services, including the Samsung Pay Web Checkout service servers, and Save to Pay (S2P) servers.

25.     The Accused Instrumentalities are part of an ecosystem created and maintained by Samsung that include devices, computing apparatuses, servers, platforms, and software provided by Samsung.  For instance, Samsung's authentication server compares the received code against the code it had previously generated and stored in server memory. If the codes match, Samsung's authentication server uses the Samsung Account credentials to verify that the user has a valid, registered Samsung Account. If the code does not match any valid, non-expired code in the server's memory, the authentication fails and the method is aborted. But, if there is a match, Samsung's authentication server issues access tokens, which are sent to a computing apparatus (*e.g.,* a Samsung smart TV) and constitute an indication that the user is authorized to access the service.

26.     The Accused Instrumentalities' operations are exemplified by Samsung's SmartThings' product onboarding mechanism, which registers one or more Samsung TVs and smart appliances (*e.g.,* refrigerators) to the SmartThings platform via QR code scanning with the SmartThings mobile app, for example.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,614,849

27.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

28.     Samsung has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '849 Patent, including at least Claims 1, 17, and 33, in violation of 35 U.S.C. § 271(a), by making, using, offering to sell, selling and/or importing within the United States the Accused Instrumentalities.  To illustrate, Claim 1 recites:

Claim 1 [Preamble]: A method of using a first server to communicate with a computing apparatus, a portable device pre-configured to communicate with the first server, and a second server configured to provide access to a service, the method comprising:

Element 1a: generating an encoded information item comprising a verification information item;

Element 1b: sending the encoded information item to the computing apparatus via the second server, wherein the encoded information item is available in order to be obtained by the portable device;

Element 1c: receiving, from the portable device, a first message, the first message comprising the encoded information item or information decoded therefrom and a first identifier identifying the portable device or a user of the portable device;

Element 1d: identifying the computing apparatus based on information decoded from the encoded information item;

Element 1e: comparing a decoded version of the verification information item to a reference verification information item stored in a memory of the first server to determine whether a match exists;

Element 1f: aborting the method if a match is not determined;

Element 1g: establishing an identity of the user or portable device, comprising using the first identifier to determine whether the user of the portable device is registered with the first server, if a match is determined;

Element 1h: sending, to the second server, a second message comprising an indication that the user is authorized to access the service if the user is registered with the first server,

Element 1i: wherein the encoded information item is decoded by the portable device or the first server to produce the decoded information, and the service from the second server is provided in response to the second server receiving the indication.

29.    The Accused Instrumentalities practice Claim 1 of the '849 Patent.  For instance, the Accused Instrumentalities include: a first server (*e.g.,* Samsung's authentication server); a computing apparatus (*e.g.,* Samsung's smart TV); a portable device (*e.g.,* Samsung Galaxy smartphone pre-configured with a Samsung account and the SmartThings App); and a second server (*e.g.,* Samsung's SmartThings and cloud service servers).

30.     As an example, Samsung's first server generates a QR code (encoded information item) that comprises a verification information item, satisfying Element 1a of Claim 1 of the '849 Patent.  Samsung's first server transmits QR code via Samsung's second server to a Samsung smart TV (computing apparatus), and the QR code is displayed on the Samsung smart TV, making it available in order to be scannable by a Samsung Galaxy smartphone, satisfying Element 1b.  After the smartphone scans the QR code, the smartphone sends a first message that is received by the first server, satisfying Element 1c. The QR code includes information identifying the Samsung smart TV (computing apparatus), satisfying Element 1d.  Samsung's first server compares a decoded version of the verification information item against a reference verification information item stored in the first server to determine if there is a match, satisfying Element 1e.  If there is no match, authentication fails and the method is aborted, satisfying Element 1f.   If there is a match, Samsung's first server verifies if the user has a valid, registered Samsung account, satisfying Element 1g.  If the user has a valid, registered Samsung account, then Samsung's first server sends to the second server a second message that indicates that the user is authorized to access the service, satisfying Element 1h.  The QR code is decoded by the Samsung Galaxy smartphone to produce the decoded information, for instance, and the service from the second server is provided if the user is authorized to access the service, satisfying Element 1i.

31.     Moreover, Samsung is liable for joint/divided infringement of, or is vicariously liable for infringement of, the '849 Patent by directing and controlling, for example, its customers (consumers)'s infringing conducts.  For instance, such infringement occurs at least when Samsung's customers (consumers) use the Accused Instrumentalities such as Samsung Galaxy smartphones, Samsung smart TVs, Samsung smart monitors, Samsung gaming monitors, Samsung Galaxy Books / laptops, Samsung Galaxy Tablets, Samsung smart appliances, Samsung

SmartThings devices, Samsung Wallet (Samsung Pay), Samsung projectors, Samsung robot vacuums, Samsung soundbars, and Samsung software (including Android OS, SmartThings App, Samsung One UI, and Samsung Knox) to obtain various services that are facilitated by the use of QR code. Samsung maintains control over the use of such Accused Instrumentalities. For example, Samsung maintains and controls access to products, services, contents, and software functionalities provided to Samsung's customers (consumers). As another example, Samsung is liable for joint/divided infringement of, or is vicariously liable for infringement of, the '849 Patent by directing its customers (consumers)'s infringing conducts through Samsung's vast amount of literature, including user manuals, user instructions, online materials, online videos, and public demonstrations.

32.    Further, Samsung is liable for inducing infringement of the '849 Patent under 35 U.S.C. § 271(b) by having knowledge of the patent and knowingly causing or intending to cause, and continuing to knowingly cause or intend to cause, direct infringement of the patent, with specific intent, by Samsung's customers (consumers). For instance, Samsung induces infringement of the '849 Patent by selling the Accused Instrumentalities to customers (consumers) to specifically use them in an infringing manner. Additionally, Samsung induces infringement of the '849 Patent by marketing to and training its customers (consumers) regarding the Accused Instrumentalities in a directly infringing manner, such as obtaining various services facilitated by the use of QR code.

33.    Also, Samsung is liable for contributory infringement of the '849 Patent under 35 U.S.C § 271(c) by having sold or offered to sell, and continuing to sell or offer for sale the Accused Instrumentalities within the United States because the Accused Instrumentalities constitute a material part of the invention embodied in the '849 Patent, which Samsung knows to be especially

made and/or adapted for use in infringement of the '849 Patent, and which is not a staple article or commodity of commerce suitable for substantial noninfringing use.  Samsung contributes to infringement of the '849 Patent by, for instance, selling the Accused Instrumentalities to Samsung's customers (consumers) for their directly infringing uses of the Accused Instrumentalities in an infringing manner, such as obtaining various services facilitated by the use of QR code.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,530,769**

34.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

35.    Samsung has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '769 Patent, including at least Claims 1, 10, and 19, in violation of 35 U.S.C. § 271(a), by making, using, offering to sell, selling and/or importing within the United States the Accused Instrumentalities.  To illustrate, Claim 1 recites:

> Claim 1 [Preamble]: A method of using a first server to communicate with a portable device and a second server configured to provide access to a service, the method comprising:
>
> Element 1a: generating an encoded information item comprising a verification information item that is made available in order to be obtained by the portable device;
>
> Element 1b: receiving, from the portable device, a first message, the first message comprising the encoded information item or information decoded therefrom and a first identifier identifying the portable device or a user of the portable device;
>
> Element 1c: comparing a decoded version of the verification information item to a reference verification information item stored in a memory of the first server to determine whether a match exists;
>
> Element 1d: aborting the method if a match is not determined;

Element 1e: establishing an identity of the user or portable device, comprising using the first identifier to determine whether the user of the portable device is registered with the first server, if a match is determined; and

Element 1f: sending, to the second server, a second message comprising an indication that the user is authorized to access the service if the user is registered with the first server,

Element 1g: wherein the encoded information item is decoded by the portable device or the first server to produce the decoded information and the service from the second server is provided in response to the second server receiving the indication.

36.     The Accused Instrumentalities practice Claim 1 of the '769 Patent.  For instance, the Accused Instrumentalities include: a first server (*e.g.,* Samsung's authentication server); a portable device (*e.g.,* Samsung Galaxy smartphone pre-configured with a Samsung account and the SmartThings App); and a second server (*e.g.,* Samsung's SmartThings and cloud service servers).

37.     As an example, Samsung's first server generates a QR code (encoded information item) that comprises a verification information item, which is displayed on the Samsung smart TV, making it available in order to be scannable by a Samsung Galaxy smartphone, satisfying Element 1a of Claim 1 of the '769 Patent.  After the smartphone scans the QR code, the smartphone sends a first message that is received by the first server, satisfying Element 1b.  Samsung's first server compares a decoded version of the verification information item against a reference verification information item stored in the first server to determine if there is a match, satisfying Element 1c.  If there is no match, authentication fails and the method is aborted, satisfying Element 1d.  If there is a match, Samsung's first server verifies if the user has a valid, registered Samsung account, satisfying Element 1e.  If the user has a valid, registered Samsung account, then Samsung's first server sends to the second server a second message that indicates that the user is authorized to access the service, satisfying Element 1f.  The QR code is decoded by the Samsung Galaxy

13

smartphone to produce the decoded information, for instance, and the service from the second server is provided if the user is authorized to access the service, satisfying Element 1g.

38.     Moreover, Samsung is liable for joint/divided infringement of, or is vicariously liable for infringement of, the '769 Patent by directing and controlling, for example, its customers (consumers)'s infringing conducts.  For instance, such infringement occurs at least when Samsung's customers (consumers) use the Accused Instrumentalities such as Samsung Galaxy smartphones and Samsung Wallet (Samsung Pay) to obtain various services that are facilitated by the use of QR code.  Samsung maintains control over the use of such Accused Instrumentalities. For example, Samsung maintains and controls access to services, contents, and software functionalities provided to Samsung's customers (consumers).  As another example, Samsung is liable for joint/divided infringement of, or is vicariously liable for infringement of, the '769 Patent by directing its customers (consumers)'s infringing conducts through Samsung's vast amount of literature, including user manuals, user instructions, online materials, online videos, and public demonstrations.

39.     Further, Samsung is liable for inducing infringement of the '769 Patent under 35 U.S.C. § 271(b) by having knowledge of the patent and knowingly causing or intending to cause, and continuing to knowingly cause or intend to cause, direct infringement of the patent, with specific intent, by Samsung's customers (consumers).  For instance, Samsung induces infringement of the '769 Patent by selling the Accused Instrumentalities to customers (consumers) to specifically use them in an infringing manner.  Additionally, Samsung induces infringement of the '769 Patent by marketing to and training its customers (consumers) regarding the Accused Instrumentalities in a directly infringing manner, such as obtaining various services facilitated by the use of QR code.

40.     Also, Samsung is liable for contributory infringement of the '769 Patent under 35 U.S.C § 271(c) by having sold or offered to sell, and continuing to sell or offer for sale the Accused Instrumentalities within the United States because the Accused Instrumentalities constitute a material part of the invention embodied in the '769 Patent, which Samsung knows to be especially made and/or adapted for use in infringement of the '769 Patent, and which is not a staple article or commodity of commerce suitable for substantial noninfringing use.   Samsung contributes to infringement of the '769 Patent by, for instance, selling the Accused Instrumentalities to Samsung's customers (consumers) for their directly infringing uses of the Accused Instrumentalities in an infringing manner, such as obtaining various services facilitated by the use of QR code.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,146,561

41.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

42.     Samsung has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '561 Patent, including at least Claims 1 and 10, in violation of 35 U.S.C. § 271(a), by making, using, offering to sell, selling and/or importing within the United States the Accused Instrumentalities.   To illustrate, Claim 1 recites:

Claim 1 [Preamble]: A method comprising:

Element 1a: a portable device:

Element 1b: obtaining a graphical encoded information item which is displayed on a sign proximate to a computing apparatus;

Element 1c: decoding the encoded information from the encoded information item; and

Element 1d: transmitting a first message to first server apparatus, the first message including the decoded information and a first identifier identifying the device or a user of the device,

15

Element 1e: wherein the decoded information includes an apparatus identification information item for allowing identification of the computing apparatus,

Element 1f: the first server apparatus:

Element 1g: receiving the first message from the device;

Element 1h: establishing the identity of the user of the device, wherein establishing the identity of the user comprises using the first identifier to determine if the user is registered with the first server apparatus;

Element 1i: in response to establishing the identity of the user, authorising the user to access a service; and:

Element 1j: using the apparatus identification information item to transmit a signal to the computing apparatus, and the computing apparatus providing the service to the user.

43.    The Accused Instrumentalities practice Claim 1 of the '561 Patent.  For instance, the Accused Instrumentalities include: a portable device (*e.g.,* Samsung Galaxy smartphone pre-configured with a Samsung account and the SmartThings App); a first server apparatus (*e.g.,* Samsung's server system); and a computing apparatus (*e.g.,* Samsung's smart washer; Samsung's smart dryer; Samsung's smart refrigerator).

44.    As an example, a Samsung Galaxy smartphone (a portable device) obtains a QR code displayed on a label/sticker proximate (graphical encoded information item which is displayed on a sign proximate) to a Samsung smart washer (a computing apparatus), satisfying Elements 1a and 1b of Claim 1 of the '561 Patent.  The Samsung Galaxy smartphone also decodes the encoded information from the encoded information item, for instance, satisfying Element 1c. The smartphone sends a first message to first server apparatus (Samsung's server system) where the first message includes the decoded information and a first identifier, satisfying Element 1d. The decoded information also includes an apparatus identification information item for allowing identification of the computing apparatus (Samsung smart washer), satisfying Elements 1e. Further, Samsung's first server apparatus (Samsung's server system) receives the first message

from the device (Samsung Galaxy smartphone), satisfying Elements 1f and 1g.  Then, Samsung's first server apparatus establishes the identity of the user of the device (Samsung Galaxy smartphone) where first server apparatus uses the first identifier to determine if the user is registered with the first server apparatus, satisfying Element 1h.  If the identity of the user is established, Samsung's first server then authorizes the user to access a service, satisfying Element 1i.  Using the apparatus identification information item, Samsung's first server apparatus transmits a signal to the computing apparatus (Samsung smart washer), which then provides the service to the user, satisfying Element 1j.

45.    Moreover, Samsung is liable for joint/divided infringement of, or is vicariously liable for infringement of, the '561 Patent by directing and controlling, for example, its customers (consumers)'s infringing conducts.  For instance, such infringement occurs at least when Samsung's customers (consumers) use the Accused Instrumentalities such as Samsung Galaxy smartphones, Samsung smart TVs, Samsung smart monitors, Samsung gaming monitors, Samsung Galaxy Books / laptops, Samsung Galaxy Tablets, Samsung smart appliances, Samsung SmartThings devices, Samsung Wallet (Samsung Pay), Samsung projectors, Samsung robot vacuums, Samsung soundbars, and Samsung software (including Android OS, SmartThings App, Samsung One UI, and Samsung Knox) to obtain various services that are facilitated by the use of QR code.  Samsung maintains control over the use of such Accused Instrumentalities.  For example, Samsung maintains and controls access to products, services, contents, and software functionalities provided to Samsung's customers (consumers).  As another example, Samsung is liable for joint/divided infringement of, or is vicariously liable for infringement of, the '561 Patent by directing its customers (consumers)'s infringing conducts through Samsung's vast amount of

17

literature, including user manuals, user instructions, online materials, online videos, and public demonstrations.

46.     Further, Samsung is liable for inducing infringement of the '561 Patent under 35 U.S.C. § 271(b) by having knowledge of the patent and knowingly causing or intending to cause, and continuing to knowingly cause or intend to cause, direct infringement of the patent, with specific intent, by Samsung's customers (consumers).   For instance, Samsung induces infringement of the '561 Patent by selling the Accused Instrumentalities to customers (consumers) to specifically use them in an infringing manner.  Additionally, Samsung induces infringement of the '561 Patent by marketing to and training its customers (consumers) regarding the Accused Instrumentalities in a directly infringing manner, such as obtaining various services facilitated by the use of QR code.

47.     Also, Samsung is liable for contributory infringement of the '561 Patent under 35 U.S.C § 271(c) by having sold or offered to sell, and continuing to sell or offer for sale the Accused Instrumentalities within the United States because the Accused Instrumentalities constitute a material part of the invention embodied in the '561 Patent, which Samsung knows to be especially made and/or adapted for use in infringement of the '561 Patent, and which is not a staple article or commodity of commerce suitable for substantial noninfringing use.  Samsung contributes to infringement of the '561 Patent by, for instance, selling the Accused Instrumentalities to Samsung's customers (consumers) for their directly infringing uses of the Accused Instrumentalities in an infringing manner, such as obtaining various services facilitated by the use of QR code.

**WILLFUL INFRINGEMENT**

48.    On information and belief, before this lawsuit, Samsung had knowledge of Ensygnia's patented technologies and the Patents-in-Suit.

49.    Further, Samsung has had knowledge of the Patents-in-Suit since at least the filing of this Complaint.

50.    Despite Samsung's knowledge of Ensygnia's patent rights, Samsung has continued to make, use, offer to sell, sell, and/or import the Accused Instrumentalities. Samsung's infringement of the Patents-in-Suit has been and continues to be deliberate, willful, egregious, and in disregard of Plaintiff's patent rights, warranting enhanced damages under 35 U.S.C. § 284.

**DAMAGES**

51.    As a direct and proximate result of Samsung's infringement of the Patents-in-Suit, Plaintiff has suffered and will continue to suffer damages.  Plaintiff is entitled to recover from Samsung damages adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for Samsungs's use of the inventions claimed in the Patents-in-Suit, together with interest and costs as fixed by this Court, pursuant to 35 U.S.C. § 284.

52.    Plaintiff is further entitled to an award of enhanced damages up to three times the amount of damages assessed, pursuant to 35 U.S.C. § 284, based on Samsung's willful infringement.

53.    As a direct and proximate result of Samsung's infringement of the Patents-in-Suit, Plaintiff has been, and will continue to be, damaged and will suffer irreparable injury unless the infringement is enjoined by this Court pursuant to 35 U.S.C. § 283 and/or the equitable powers of this Court.

54.    Plaintiff is further entitled to recover its reasonable attorneys' fees and costs incurred in this action pursuant to 35 U.S.C. § 285, as this is an exceptional case.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a) That this Court adjudge that Defendants have directly infringed the Asserted Patents either literally or under the doctrine of equivalents, and to have indirectly infringed the patent-in-Suit by inducement and contributory infringement;

b) A preliminary and permanent injunction prohibiting Defendants from further acts of infringement;

c) An award of damages adequate to compensate Plaintiff for the infringement of the Asserted Patents by Defendants, including, but not limited to, lost profits, where such damages should be no less than a reasonable royalty under 35 U.S.C. § 284, together with costs;

d) That this Court award damages for future infringement up to the expiry of the Asserted Patents;

e) A declaration that Defendants' infringement is willful and an award of enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

f) That this Court award pre- and post-judgment interest on such damages to Plaintiff;

g) Other equitable relief which may be requested and to which Plaintiff is entitled;

h) An award of Plaintiff's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

i) That this Court issue an accounting for acts of infringement; and

j) That this Court award such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: July 1, 2026

Respectfully submitted,

*/s/ Jack Shaw*
Jack Shaw
California State Bar No. 309382
William D. Ellerman
State Bar No. 24007151
Brett Mangrum
Texas State Bar No. 24065671
Ari Rafilson
Texas State Bar No. 24060456
Alejandro Echeverria
California State Bar No. 355375
**CHERRY JOHNSON SIEGMUND JAMES PC**
8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231
Telephone: (254) 732-2242
Facsimile  (866) 627-3509
jshaw@cjsjlaw.com
wellerman@cjsjlaw.com
bmangrum@cjsjlaw.com
arafilson@cjsjlaw.com
aecheverria@cjsjlaw.com

Mark Siegmund
Texas State Bar No. 24117055
Shuya "Grace" Yang
Texas State Bar No. 24144144
**CHERRY JOHNSON SIEGMUND JAMES PC**
7901 Fish Pond Road, 2nd Floor
Waco, TX 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
msiegmund@cjsjlaw.com
gyang@cjsjlaw.com

Gregory P. Love
State Bar No. 24013060
**CHERRY JOHNSON SIEGMUND JAMES, PC**
104 E. Houston Street, Suite 115
Marshall, TX 75670
Telephone:  (254) 732-2242
Facsimile:   (866) 627-3509
glove@cjsjlaw.com

*Attorneys for Plaintiff*

21